ORIGINAL

# In the United States Court of Federal Claims

No. 14-390C
(Filed: May 16, 2014)

FILED
MAY 16 2014
U.S. COURT OF
FEDERAL CLAIMS

*******************************************
WILLIAM H. SEALS-BEY,
a/k/a WILLIAM H. BROOKS,

      Plaintiff,

v.

THE UNITED STATES,

      Defendant.
*******************************************

Pro Se Plaintiff; Dismissal for Lack of Jurisdiction; Application to Proceed In Forma Pauperis

William H. Seals-Bey, a/k/a William H. Brooks, Washington, DC, pro se.

## OPINION AND ORDER

**SWEENEY**, Judge

      On May 6, 2014, plaintiff in the above-captioned case, appearing pro se, filed a complaint and an application to proceed in forma pauperis. Plaintiff, who is currently incarcerated in Pine Knot, Kentucky, contends that he has suffered "unjust conviction and imprisonment." Compl. 1. He alleges that the indictment that was filed against him in the Superior Court of the District of Columbia was "transferred" to the United States District Court for the District of Columbia. Id. Plaintiff claims that this alleged "transfer" was invalid, and that his conviction should have therefore been dismissed. Id. He further alleges that the government engaged in prosecutorial misconduct, fabrication of evidence, and coercion of witnesses when prosecuting him. Id. at 4. Plaintiff states that his Fifth and Sixth Amendment rights have been violated, that he has been deprived of his rights to due process and to a speedy trial, and that he has been targeted with intentional infliction of emotional distress. Id. This court lacks jurisdiction to entertain plaintiff's claims and must therefore dismiss his complaint.

      Whether the court has jurisdiction to decide the merits of a case is a threshold matter. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). The parties or the court on its own initiative may challenge the existence of subject matter jurisdiction at any time. Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

Further, the ability of the United States Court of Federal Claims ("Court of Federal Claims") to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941). The waiver of immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States not sounding in tort that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (2006). However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages." United States v. Testan, 424 U.S. 392, 398 (1976). The substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

In this case, plaintiff does not allege any claims based on a contract with the United States or a money-mandating constitutional provision, federal statute, or federal regulation. While the court has jurisdiction over takings claims arising under the Fifth Amendment, plaintiff does not allege a taking here. See, e.g., Allicock v. United States, 2012 WL 5995245, *1 (Fed. Cl. Nov. 29, 2012). The court also does not have jurisdiction to hear plaintiff's Sixth Amendment claims. Dupre v. United States, 229 Ct. Cl. 706, 706 (1981) (per curiam). Further, because the court lacks jurisdiction to hear claims sounding in tort, it would not be able to entertain plaintiff's claim of intentional infliction of emotional distress. 28 U.S.C. § 1491(a)(1); Dupre, 229 Ct. Cl. at 706. Plaintiff also asserts that he has been subjected to due process violations, but the court lacks jurisdiction over such claims, as well. Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Court of Federal Claims lacks jurisdiction to hear claims for due process violations under the Fifth Amendment); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government.").

Additionally, plaintiff alleges that he has been deprived of his rights pursuant to the Speedy Trial Act, and that his conviction involved prosecutorial misconduct, fabrication of evidence, and coercion of witnesses. Compl. 4. However, "[t]he Court of Federal Claims does not have the power . . . to review in detail the facts surrounding a conviction or imprisonment." Zakiya v. United States, 79 Fed. Cl. 231, 234-35 (2007), aff'd, 277 F. App'x 985 (Fed. Cir. 2008) (per curiam). Indeed, the court possesses no jurisdiction whatsoever over criminal matters. Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"). Moreover, this court does not have jurisdiction to review the decisions of district courts. Vereda, Ltd. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001). The proper forum for resolving such issues is the district court in which they arose, or the appellate court that reviews the district court's decisions. See, e.g., United States v. Rojas-Contreras, 474 U.S. 231, 233-34 (1985) (discussing a defendant's attempts to vindicate his rights under the Speedy Trial

Act before the trial court, the appellate court, and finally the Supreme Court). Consequently, all of plaintiff's claims fail for a lack of jurisdiction.

Finally, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Pursuant to 28 U.S.C. § 1915, courts of the United States are permitted to waive filing fees and security under certain circumstances.[1] See 28 U.S.C. § 1915(a)(1); see also Hayes v. United States, 71 Fed. Cl. 366, 366-67 (2006) (concluding that 28 U.S.C. § 1915(a)(1) applies to both prisoners and nonprisoners alike). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined." Id. § 1915(a)(2).

Plaintiff has substantially satisfied the requirements set forth in section 1915(a). The court therefore grants plaintiff's application to proceed in forma pauperis and waives plaintiff's prepayment of the filing fee. Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

In sum, the court **GRANTS** plaintiff's application to proceed in forma pauperis and **DISMISSES** plaintiff's complaint for lack of jurisdiction. The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title twenty-eight of the United States Code, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of 28 U.S.C. § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915).